**This document was signed electronically on October 11, 2023, which may be different from its entry on the record.**

IT IS SO ORDERED.

Dated:  October 11, 2023



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 22-51371 |
| | ) | |
| DELONE M. CARTER, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Alan M. Koschik |
| | ) | |

## ORDER OVERRULING WILLIAM HOTALING'S
## OBJECTION TO CONFIRMATION OF PLAN

Debtor Delone M. Carter (the "Debtor") filed this chapter 13 case on November 18, 2022.  He filed his most recently amended proposed chapter 13 plan (Docket No. 20) (the "Plan") on December 5, 2022.

On January 23, 2023, creditor William Hotaling (the "Creditor") filed an objection to confirmation of the Plan (Docket No. 26) (the "Objection").  In the Objection, the Creditor asserted that it holds a judgment lien on the Debtor's residence securing a debt that was held nondischargeable in a previous bankruptcy pursuant to a consent decree, and that the Plan should not be confirmed because it proposes to strip that judgment lien pursuant to 11 U.S.C. § 522(f).

The Court held an initial hearing on the Objection on February 16, 2023. The Debtor and Creditor each appeared through counsel. The Court continued the hearing to March 16, 2023, which was adjourned before that date by mutual consent of the parties. This contested matter came up for hearing again on May 11, 2023. On May 12, 2023, the Court entered a discovery scheduling order (Docket No. 43) (the "Scheduling Order") setting the discovery cutoff on August 11, 2023, a stipulation deadline of September 8, 2023, and a further non-evidentiary hearing date of September 14, 2023.

On July 5, 2023, counsel for the Creditor moved to withdraw as counsel. (Docket No. 49.) No objections were filed, and the Court granted Creditor's counsel's motion on July 25, 2023. (Docket No. 52.)

On September 8, 2023, the date originally set as the stipulation deadline pursuant to the Scheduling Order, the Debtor filed a Motion to Reset Calendar. (Docket No. 57.) Among other things, the Debtor noted that the Creditor had not yet retained replacement counsel. The parties did not file any stipulations that day, and have not done so since then.

The Court proceeded with the already-scheduled hearing on September 14, 2023. The Debtor appeared through counsel. The Creditor did not appear. The Court decided to enter a show cause order regarding the Creditor's failure to prosecute the Objection. On September 15, 2023, the Court entered a show cause order (Docket No. 58) (the "Show Cause Order") directing the Creditor to appear and show cause why the court should not overrule the Objection for failure to prosecute.

On September 21, 2023, this Court entered its order and opinion in *In re Stovall*, Case No. 22-51432, in which it held that, other than judicial liens securing debts excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) (domestic support obligations), the fact that a debt is

nondischargeable does not affect whether a judicial lien securing that debt is subject to avoidance pursuant to 11 U.S.C. § 522(f). The Creditor's claim against the Debtor arose from the Debtor's physical assault of the Creditor and is not a domestic support obligation.

The Court held a hearing on the Show Cause Order and the Objection on October 5, 2023. The Debtor again appeared through counsel, and the Creditor again did not appear. Based on both the Creditor's failure to prosecute the Objection and the fact that the Court has now found the legal position advanced by the Objection unmeritorious in a separate case presenting the same legal issue, the Court concluded that the Objection should be overruled.

Based on the foregoing,

**IT IS HEREBY ORDERED THAT**

1. Creditor William Hotaling's Objection to Confirmation (Docket No. 26) is **OVERRULED**.

# # #